UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Michael Delgado Martinez, | Case No. 24-cv-637 (KMM/DJF) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Eischen,<br>*FPC Duluth Warden*, | |
| Defendant. | |

---

This matter is before the Court on Petitioner Michael Delgado Martinez's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition") (ECF No. 1). Mr. Martinez seeks an Order directing the Bureau of Prisons ("BOP") to award him 70 days of First Step Act time credits ("FTCs") for the time he spent in custody post-sentencing before he arrived at his designated detention facility (*see* ECF No. 1 at 8). Because there is no evidence in the record that Mr. Martinez participated in any FTC-qualifying programming before he arrived at his designated facility, the Court recommends denying the Petition.

On February 9, 2022, Mr. Martinez was convicted in the Federal District Court for the Southern District of Texas on charges of being a felon in possession of a firearm and ammunition under 18 U.S.C. § 922(g), and conspiracy to possess with intent to distribute more than 500 grams of cocaine under 21 U.S.C. §§ 846 and 841(a)(1). The court sentenced him to a 60-month term of imprisonment with a four-year term of supervised release. (ECF No. 7-1 at 2.)

The BOP began his sentencing computation on February 9, 2022, the day he was sentenced (*id.* at 3). Mr. Martinez entered primary federal custody on August 9, 2022 (ECF No. 11 ¶ 4). From August 9, 2022 to August 31, 2022, Mr. Martinez was detained in various state and federal

1

institutions on "administrative admission" or "holdover" status (ECF No. 11-2 at 1).  On August 31, 2022, Mr. Martinez was transferred to United States Penitentiary in Terre Haute, Indiana ("USP Terre Haute") (ECF No. 7 ¶ 15; ECF No. 7-6).  He stayed at USP Terre Haute until September 6, 2022, when he was transferred to the Federal Correctional Institution in Oxford, Wisconsin ("FCI Oxford").  (*Id.*)  He remained at FCI Oxford for just one day, from September 6, 2022 to September 7, 2022.  (*Id.*)  On September 7, 2022, Mr. Martinez was transferred to Federal Prison Camp Duluth ("FPC Duluth"), his designated detention facility.  (*Id.*)

The First Step Act provides, among other things, that eligible federal prisoners may earn FTCs during their incarceration by participating in evidence-based recidivism reduction programming or productive activities.  18 U.S.C. § 3632(d)(4).  From September 7, 2022 through February 29, 2024, the date he filed his Petition, Mr. Martinez has been earning FTCs (*see* ECF No. 7-2).  From September 7, 2022 to April 3, 2023, he accrued 10 days of FTCs for every 30-day period in which he participated in qualifying programming.  (*Id.*)  From April 3, 2023 through February 3, 2024, he accrued 15 FTCs for every 30-day period in which he participated in qualifying programming.  (*Id.*)  As of March 1, 2024, the BOP calculated that Mr. Martinez had accrued 225 FTCs and had a projected release date of June 18, 2024 (ECF No. 7-1 at 2).

Mr. Martinez seeks an additional 70 days of FTCs for the time he spent in federal custody after his sentencing on February 9, 2022 until he arrived at FPC Duluth on September 7, 2022 (*see* ECF No. 1 at 8).  But to earn FTCs, a prisoner must "successfully complete[] evidence-based recidivism reduction programing or productive activities[.]" 18 U.S.C. § 3632(D)(4)(A).  The Petition does not allege or attach evidence indicating he participated in FTC-qualifying programming during the period from February 9, 2022 to September 7, 2022 (*see* ECF No. 1).  The Government represents that it has no evidence that Mr. Martinez participated in any FTC-

2

qualifying programming until September 28, 2022 (*see* ECF Nos. 11 ¶ 8; 11-2 at 3-4[1]). Mr. Martinez's reply brief was due on March 14, 2024 (ECF No. 3), and he has filed no response to date. Moreover, Mr. Martinez has proffered no evidence establishing that he took participated in any FTC-qualifying programming during the time period at issue.

As there is no evidence in the record to suggest that Mr. Martinez participated in any FTC-qualifying programming during the period from February 9, 2022 to September 7, 2022, the Court recommends denying the Petition and dismissing this matter with prejudice.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. Petitioner Michael Delgado Martinez's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition") (ECF No. 1) be **DENIED**; and

2. This matter be **DISMISSED WITH PREJUDICE**.

Dated: March 20, 2024
*s/ Dulce J. Foster*
Dulce J. Foster
United States Magistrate Judge

---

[1] The BOP's education transcript for Mr. Martinez indicates that he viewed an HIV Awareness Video on September 14, 2022, but there is no indication in the record whether this qualifies recidivism reduction programming for FTC purposes. (*See* ECF No. 11-2 at 4.)

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).