## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Michael Delgado Martinez, | No. 24-CV-637 (KMM/DJF) |
| Petitioner, | |
| v. | **ORDER** |
| Eischen, FPC Duluth Warden | |
| Respondent. | |

---

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Dulce J. Foster dated March 20, 2024. ECF 13. The R&R recommends that Petitioner Michael Delgado Martinez's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF 1 ("Petition")) be denied. Mr. Martinez filed objections ("Objections") to the R&R on September 19, 2023. ECF 14. Based on a thorough review of the record, the Court accepts the R&R in full and Mr. Martinez's Petition is dismissed.

### I.    Background

The Court finds that the R&R's discussion of Mr. Martinez's conviction, incarceration, and the basis for his petition (*see* ECF 13 at 1–2) is a thorough and accurate representation of the record. That discussion is incorporated here by reference, and the Court will only briefly restate certain facts before proceeding to its *de novo* analysis.

Mr. Martinez is an inmate at Federal Prison Camp Duluth ("FPC Duluth"). ECF 7 at 3; Petition at 1. On February 9, 2022, Mr. Martinez was convicted in the Federal District Court for the Southern District of Texas of being a felon in possession of a firearm and ammunition under 18 U.S.C. § 922(g) and conspiracy to possess with intent to distribute more than 500 grams of cocaine under 21 U.S.C. §§ 846 and 841(a)(1). *Id*. at 1–2. He was subsequently sentenced to a 60-month term of imprisonment. *Id*. Mr. Martinez spent time in several state and federal detention facilities, before arriving at FPC Duluth, his "designated" detention facility, on September 7, 2022. ECF 11 at 2.

Mr. Martinez has been accruing time credits pursuant to the First Step Act (hereafter "First Step Act time credits" or "FTCs"). *See* ECF 7 at 3. Federal prisoners may earn FTCs during their incarceration for each month they participate in certain approved programming and other activities related to decreasing recidivism. *See* 18 U.S.C. § 3632(d)(4). FTCs allow a prisoner to shorten their term of incarceration. *Id*. The record indicates that Mr. Martinez has been participating in approved programming and accruing FTCs since arriving at FPC Duluth, and that as of March 1, 2024, the BOP calculated that Mr. Martinez had accrued 225 FTCs. ECF 7-1 at 2. As a result, Mr. Martinez now has a projected release date of June 18, 2024. *Id*.

Mr. Martinez's Petition asserts that he is entitled to additional FTCs for time spent in custody after his sentencing and before arriving at FPC Duluth. ECF 1 at 7–8 ("The BOP is not awarding me FSA Time Credits for the time between my sentencing . . . and my arrival at [FPC Duluth]."). The government opposes. *See* ECF 6 (Government's Response to Petition for Writ of Habeas Corpus).

## II.      Standard of Review

The Court reviews *de novo* any portion of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b)(3). In the absence of objections, the Court reviews the R&R for clear error. *Nur v. Olmsted Cnty.*, 563 F. Supp. 3d 946, 949 (D. Minn. 2021) (citing Fed. R. Civ. P. 72(b) and *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam)). Here, the Court interprets Mr. Martinez's objections as general objections to the R&R as a whole. Accordingly, the Court will review *de novo* the R&R's recommendations.

## III.     Analysis

Judge Foster recommended that Mr. Martinez's Petition be denied because it does not allege or provide any evidence that Mr. Martinez participated in FTC programming before his arrival at FPC Duluth. ECF 13 at 2. The Court agrees. There is nothing in the record to suggest that Mr. Martinez participated in any kind of program or activity that would have entitled him to accrue FTCs until Mr. Martinez reached FPC Duluth.

In his Objections, Mr. Martinez suggests that this focus—on whether he was in programming before arriving at FPC Duluth—is a "red herring" that avoids the true question raised in his Petition: whether the BOP's policy regarding a prisoner's eligibility to begin FTC accruals comports with the requirements of the First Step Act. *See* Objections at 2 ("[T]he FSA requires the BOP to make programming available to ALL prisoners. The better or more appropriate question is 'what programs were available to Petitioner [before his arrival at FPC Duluth]?'"). Indeed, from the record available to the Court, it appears that under federal regulation and BOP rulemaking, a prisoner may only

3

begin to accrue FTCs once they reach their designated facility of imprisonment. *See* ECF 7-5 at 13–14 (U.S. Department of Justice Program Statement) ("An eligible inmate begins earning FSA Time Credits after the inmate's term of imprisonment commences (the date the inmate arrives or voluntarily surrenders at the designated Bureau facility where the sentence will be served).") (quoting 28 C.F.R. § 523.42(a)). In his Petition, Mr. Martinez did not explicitly raise the reasonableness of this BOP policy, instead alleging that he simply "did not receive" FTCs he was entitled to. *See, e.g.*, Petition at 2. However, the Objections make clearer that Mr. Martinez's focus is on a policy that prevented him from beginning FTC programming in the months before he arrived at FPC Duluth. *See, e.g.*, Objections at 3 (discussing the "injustice borne out of the BOP's insistence that Petitioner's ability to earn credits be subject to their whim and beholden to the time they feel like getting him to his designated facility.").

The Court acknowledges Mr. Martinez's frustration. However, the reasonableness of the broad BOP policy concerning the commencement of FTC accruals cannot be adjudicated on this record. Mr. Martinez's Petition is not a request for this Court to order the BOP to allow him to begin FTC programming before arrival at his designated facility, nor is it a request to receive FTCs for programming he completed prior to arriving in Duluth. It is instead a Petition asking this Court to unilaterally grant him FTCs he believes he would have earned, had he been able to begin qualified programming sooner. Such relief is plainly barred by the statute because the First Step Act is explicitly clear

that FTCs are only granted when a prisoner "successfully completes"[1] approved programming or activities. 18 U.S.C. § 3632(d)(4)(A). The record before the Court indicates that Mr. Martinez has earned FTCs continuously since arriving at FPC Duluth, but there is no evidence of the successful completion of any FTC-qualifying programing or activities before his arrival at FPC Duluth. Therefore, the validity of the BOP's policy is not even plainly before the Court. As such, the R&R is accepted and the Petition is dismissed.

## IV.    Order

Based on the discussion above, **IT IS HEREBY ORDERED THAT**

1. The Report and Recommendation (ECF 13) is **ACCEPTED**.

2. Petitioner Michael Delgado Martinez's Objections (ECF 14) are **OVERRULED**.

3. Petitioner Michael Delgado Martinez's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF 1) is **DENIED**.

4. This matter is **DISMISSED WITH PREJUDICE**.

**Let judgment be entered accordingly**.

Date: April 12, 2024

 s/Katherine Menendez
Katherine Menendez
United States District Judge

---

[1] The rate at which a prisoner earns FTCs for successfully completing approved programming and activities is also spelled clearly out in the statute and accelerates over the duration of the prisoner's incarceration. 18 U.S.C. § 3632(d)(4)(A)(i)–(ii). As such, there is no ambiguity as to whether Mr. Martinez's FTC accruals have been properly calculated.